```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        -v.-                        :    S4 05 Cr. 1262 (DLC)

NELSON ARIAS VALENCIA,               :

                  Defendant.         :

- - - - - - - - - - - - - - - - - - - - x
```

### GOVERNMENT'S SENTENCING MEMORANDUM

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States
            of America.

MARC P. BERGER
KEVIN R. PUVALOWSKI
Assistant United States Attorneys
    - Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**            :

      -v.-                                :    S4 05 Cr. 1262 (DLC)

**NELSON ARIAS VALENCIA,**               :

             **Defendant.**       :

- - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government writes in advance of the sentencing of Nelson Arias Valencia ("Valencia" or the "Defendant") in the above-captioned case, currently scheduled for Friday, October 3, 2008, at 10:00 a.m.  The Government respectfully submits that a sentence within the applicable Sentencing Guidelines range of 135 to 168 months, as set forth in the plea agreement between the parties, would be reasonable, and would be sufficient, but not greater than necessary, to account for the factors set forth at Title 18, United States Code, Section 3553(a).

I.  **Background**

   A.  **The Offense Conduct**

   Valencia participated in a drug trafficking organization that relied upon active and former Colombian National Police ("CNP") officers to move drugs through the airport in Bogota and other heavily policed ports. Valencia's involvement in the conspiracy began in early 2006, when he introduced Leonidas Molina Triana to a man named "El Cojo," who supplied the 1,700 kilograms of cocaine seized in April 2006, and who provided money for all of the expenses incurred in connection with this transaction. The introduction occurred at an arranged meeting in Medellin, Colombia. Valencia knew Molina-Triana from an introduction previously made by Hector Jesus Espinel-Cardozo. After Espinel-Cardozo's introduction, Arias and Molina started working together on the large cocaine shipment that was planned to be sent, by container ship, from Buenaventura, Colombia, to Manzanillo, Mexico, for further import into the United States.[1] As the Court is aware, that shipment, totaling approximately 1,700 kilograms, was seized from two locations in Bogota before it could be sent.

   Valencia's role during the course of the preparations for the shipment was to serve as the connection between Molina,

---

   [1] Valencia stated during his safety-valve proffer and his guilty plea that he believed the cocaine was ultimately destined for the United States.

-2-

who was in charge of operations in Bogota, and Cojo, who was based in Medellin.

Beginning in March 2006, Valencia had meetings with Molina and others to discuss the drug transaction. Valencia was captured on surveillance video during at least one of these meetings. In the weeks leading up to the April seizure, Valencia was also in regular telephone contact with Molina and Espinel, among others, to discuss the drug transaction with Cojo. Several of Valencia's conversations were intercepted on the Colombian authorized wiretaps.

    B.    **The Indictment**

Valencia and his-co-defendants were charged in a two-count superseding indictment. Count One charged the defendants with conspiring to import five kilograms and more of cocaine into the United States, in violation of Title 21, United States Code, Sections 812, 959, and 960(a)(1) & (b)(1)(B) and 963. Count Two charged the defendants with manufacturing and distributing five kilograms and more of cocaine intending and knowing that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959.

    C.    **The Guilty Plea And Plea Agreement**

On December 28, 2007, Valencia pled guilty pursuant to a plea agreement to Count One of the Indictment before Magistrate

Judge Dolinger.[2]  In the plea agreement, the parties stipulated that the offense involved the distribution of more than 150 kilograms for a base offense level of 38, that Valencia had qualified for safety-valve relief for a two-level reduction, and that Valencia was entitled to a three-point reduction for acceptance of responsibility.  The plea agreement also stipulated that Valencia's applicable Criminal History Category was I.  Valencia agreed in the plea agreement that a sentence within the range of 135 to 168 months would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a).

## II.  Argument

Based upon the evidence introduced at the trial of the co-defendant Jaime Romero-Padilla and the other evidence gathered during the course of the investigation, the Government believes that a sentence within the Guidelines range is appropriate.  Valencia was the direct link between Molina, the head of the Bogota-based distribution organization, and Cojo, the source of supply for the cocaine.  His conduct occurred over several months and encompassed multiple meetings and telephone calls relating to the nearly two-ton cocaine shipment.[3]

---

[2]   The plea was accepted by this Court on July 1, 2008, following a competency evaluation performed at FMC Devens.

[3]   Valencia seeks a 70-month sentence, contending that his "participation most closely parallels" that of Espinel-Cardozo.

The Government respectfully submits that a sentence within the Guidelines range is appropriate in light of the factors set forth at Title 18, United States Code, Section 3553(a). Nothing about the defendant militates in favor of a sentence below the applicable Sentencing Guidelines range. Indeed it appears that Valencia has certain close-knit family members, including a brother whom he has worked with in the past, and a sister who has previously opened up her house for him to live. Prior to the incident that led to the psychiatric evaluation, the defendant had no history of mental health issues; he is now reported to be stabilized. (PSR ¶¶ 67-68). Finally, there is no dispute that the offense here was very serious -- the trafficking in millions of dollars of cocaine -- and deserving of serious punishment. For all of these reasons, the Government respectfully submits that a sentence within the applicable range of 135-168 months serves the goals of providing just punishment,

---

See Valencia Sentencing Memorandum, dated September 23, 2008. However, Espinel-Cardozo, unlike Valencia, received a two-point minor role adjustment that was not opposed by the Government, as the Government's evidence showed that Espinel's conduct could fairly be described as running errands for Valencia and serving as the intermediary between Valencia and Molina. Valencia, in the Government's view, is not entitled to a minor role adjustment, nor can he seek such adjustment under the plea agreement. Moreover, while Valencia and Espinel were each links in the chain between Molina and Cojo, it was Valencia that proved to have had the direct relationship with Cojo, the source of supply of the cocaine.

promoting respect for the law, and affording adequate deterrence to others contemplating engaging in cocaine trafficking.  The Government also respectfully submits that such a sentence is not greater than necessary to fulfill the foregoing sentencing factors enumerated in Section 3553(a).

## Conclusion

For the reasons set forth above, the Government submits that, based on the factors set forth in § 3553(a), a reasonable and appropriate sentence is a sentence within the applicable 135-168 month advisory guidelines range.

Dated:  New York, New York
        September 26, 2008

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney


                By:     _____/S/_____
                        KEVIN R. PUVALOWSKI
                        MARC P. BERGER
                        Assistant United States Attorneys
                        (212) 637-2311/2207

**CERTIFICATE OF SERVICE**

  MARC P. BERGER deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York, and that on September 26, 2008, he caused a copy of the within Sentencing Memorandum to be served electronically on Martin Schmukler, counsel for Nelson Arias Valencia, by causing a copy of same to be served and filed via the Court's electronic case filing system.

  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
    September 26, 2008

                _____/s/_____
                MARC P. BERGER